IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUZANNE P. PEDIGO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:09-CV-2513 |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## **MEMORANDUM AND ORDER**

Plaintiff Suzanne P. Pedigo seeks attorneys' fees and court costs for litigation of her Social Security appeal. *See* Motion for Attorney Fees and Court Costs Under the Equal Access to Justice Act [Doc. # 16]. Defendant Michael J. Astrue, Commissioner of the Social Security Administration, has filed a response [Doc. # 17] and is not opposed to Plaintiff's request. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Plaintiff's request for fees and costs should be **granted**.

The Equal Access to Justice Act (EAJA) provides for fees and expenses for parties who prevail in a suit against the government:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other

expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[1]

On September 27, 2010, this Court granted summary judgment in favor of Pedigo, and remanded the case to the Commissioner of Social Security for further proceedings. *See* Docs. # 14, 15. Pedigo therefore is a "prevailing party" under the EAJA. Moreover, for the reasons stated in the Court's Memorandum and Order granting summary judgment to Pedigo, the position of the United States was not substantially justified, and the Court is unaware of any special circumstance making an award unjust. Pedigo therefore is entitled to fees.[2]

Pedigo's counsel seeks a total award of $4,560.07, of which $4,149.64 is attorneys' fees, $368.80 is costs[3] and $41.63 is postage expenses. The fee request of

---

[1] 28 U.S.C. § 2412(d)(1)(A).

[2] Pedigo's application is timely because it was filed within 90 days of this Court's order. *See Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993) (an EAJA application "may be filed until '30 days after the time for appeal has ended.' In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment.") (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)).

[3] The costs include a $350 filing fee and copying costs.

$4,149.64 bills for 24.50 hours, at a rate of $168.46 in 2009 and $169.59 in 2010.[4]

An award of attorney's fees under EAJA must be reasonable.[5] When determining the reasonableness of a fee request, the Court applies the factors articulated in *Johnson v. Georgia Highway Express, Inc.*[6] The twelve factors are:

1. the time and labor required;

2. the novelty and difficulty of the questions;

3. the skill requisite to perform the legal service properly;

4. the preclusion of other employment by the attorney due to acceptance of the case;

5. the customary fee;

6. whether the fee is fixed or contingent;

7. time limitations imposed by the client or the circumstances;

8. the amount involved and the results obtained;

9. the experience, reputation, and ability of the attorneys;

10. the "undesirability" of the case;

11. the nature and length of the professional relationship with the client; and,

---

[4] Counsel's base hourly rate of $125 is adjusted for cost-of-living increases in Dallas/Fort Worth. *See* Motion, at 4-5 & nn. 1-2.

[5] 28 U.S.C. § 2412(b); *Sanders v. Barnhart*, 2005 WL 2285403, *2 (5th Cir. 2005).

[6] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Armstrong v. Astrue*, 305 F. App'x 244, 245 n. 1 (5th Cir. 2008) (*Johnson* factors are relevant to calculation of EAJA fee awards).

12.     awards in similar cases.[7]

The Fifth Circuit has held that a district court need not examine each of the factors independently "if it is apparent that the court has arrived at a just compensation based upon appropriate standards."[8]

Defendant does not object to Pedigo's fee request.  The Court finds that counsel's amount of time expended is reasonable, given the time and labor required, the skill required to perform the tasks, and experience of counsel, among other factors.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Attorney Fees and Court Costs Under the Equal Access to Justice Act [Doc. # 16] is **GRANTED**.  **Plaintiff's counsel is awarded $4,149.64 in fees, costs, and expenses.**  It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay Attorney Michael P. Dunlap $4,149.64 as reasonable and necessary attorneys' fees, expenses, and costs incurred on behalf of Plaintiff in this matter.

---

[7]     *Johnson*, 488 F.2d at 717-19.

[8]     *Sanders*, 2005 WL 2285403 at *2 (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987)).

SIGNED at Houston, Texas, this **13th** day of **January, 2011**.

_____
Nancy F. Atlas
United States District Judge